## MATTER OF BRISTOL.

*Supreme Court, First District; At Chambers, June,* 1863.

ASSIGNMENTS UNDER FOREIGN BANKRUPT LAW.—ATTACHING CREDITOR.—EQUITABLE LIEN.

Although assignments under foreign bankrupt laws may operate to transfer the bankrupt's effects within this State, and debts owing to the bankrupt within this State, as between the foreign bankrupt assignee and the bankrupt, and as between such assignee and debtors residing in this State; yet the courts of this State will not recognize a claim or title, under foreign statutory bankrupt proceedings, to property in this State, or to debts owing by debtors residing within this State, as against a domestic attaching-creditor.

And the same principle will be applied in favor of one who has obtained a lien in equity, as by injunction, upon the assets of the foreign bankrupt.

Application by a trustee, appointed in foreign insolvency proceedings, to have an injunction which had been granted against the insolvent modified.

An action was pending in this court between Gorham D. Abbot, plaintiff, and the American Hard Rubber Company, and various of its directors and others. An injunction had been obtained in that action restraining the payment of several

notes made by Poppenhusen & Konig, in favor of the American Hard Rubber Company. At the date of the present application, the sum due was $27,000. The action was commenced February 29, 1860. On the 9th day of November, 1860, William B. Bristol, the present petitioner, was by a decree of the Court of Probate of Bethany, Connecticut, appointed trustee of the American Hard Rubber Company, in certain proceedings in insolvency, and entered upon the execution of his trust. In June, 1861, a decree was entered in the injunction-suit in this court. The decree made no provision either for the further continuance of the injunction or for its being vacated. Bristol now applied to the court on petition to have the injunction modified so as to allow the payment of the notes of Poppenhusen & Konig.

*William E. Curtis*, for the petitioner.—I. The stipulation and decree show that the controversy has ended, and that there are no grounds or equities for still continuing the injunction, and preventing the trustee from collecting these notes which he holds, and paying over the proceeds to the creditors of the company, pursuant to the laws of Connecticut. It is not shown or pretended that any party would be prejudiced by the modification.

II. In an equity suit like this the court is ever open to be approached by any petitioner, whose rights or duties are affected by the litigation. The comity of States, and the long-settled practice of the court entitles him to this relief from the injunction, and to make this application to the court. (Sill *a*. Worswick, 1 *H. Black.*, 682 ; Bird *a*. Caritat, 2 *Johns.*, 345 ; Holmes *a*. Remsen, 20 *Ib.*, 259 ; *Story on Confl. of L.*, § 414.)

III. The petitioner submits the Connecticut act for the relief of insolvent debtors, and for the more equal distribution of their effects among their creditors (*Rev. Stat. of Conn.*, 1854, 512), also an exemplified copy of the record of the Court of Probate, appointing the petitioner trustee.

*Benjamin Vaughan Abbott*, opposed.—I. The petitioner Bristol has no standing in court in this cause to entitle him to make this motion. He is not a party to the cause ; he has no interest to be affected, nor any rights to be protected by the ultimate

decision of it, whatever that may be.   He has a simple official
duty to perform ; namely, to collect whatever may be collect-
able of the assets of the corporation, and distribute it to the
creditors.   If he cannot collect a particular chose in action by
reason of an injunction upon it, he has no duty in respect
to it.

II.   The moving-papers are defective in not stating the statutes
of Connecticut authorizing the appointment of the petitioner as
trustee, and in not stating the proceedings had which resulted
in his appointment.   Those statutes and proceedings being those
of a foreign State, are matters of fact which must be averred,
so that the court can see whether the trustee has, in fact, such
title as he claims.

III.   The court will not permit assets which are regularly in
its custody under proceedings instituted according to the laws
of this State, to be taken to another State for administration
there.   The comity observed between the States does not re-
quire this.

IV.   Mr. Bristol claiming as trustee for creditors, can have no
better rights than the creditors themselves ; and the creditors in
turn can have no better rights than are possessed by the Ameri-
can Hard Rubber Company of Connecticut, the original and
actual owner of the notes (assuming them to be collectable).
The decree settles the general principles upon which the rights
of the parties are to be adjusted, and provides, in detail, for
various proceedings by which it shall be carried into effect.
Both the plaintiff and the petitioner swear that the original in-
junction-order is to be deemed in full force, notwithstanding
that decree.   It is clear that since the parties have agreed upon
a mode of determining the controversy, which does not embrace
any modification of the injunction-order, the court would not
entertain a motion to modify it, made by the American Hard
Rubber Company of Connecticut.

SUTHERLAND, J.—Were it not for the decision of the Court of
Appeals of this State in Hoyt a. Thompson (5 *N. Y.*, 320), I
should have thought it extremely doubtful, whether the courts of
this State could recognize the right or title of the petitioner, as
trustee under the Connecticut bankrupt proceedings, to the
notes mentioned in the petition, even as against the debtors or

makers of the notes residing in this State. (See Abraham *a.* Plestoro, 3 *Wend.*, 540; and the remarks on the decision in that case, in Johnson *a.* Hunt, 23 *Ib.*, 89 *et seq.*; and in Bell *a.* Hunt, 3 *Barb. Ch.*, 395.)

The Court of Appeals, I think, in Hoyt *a.* Thompson, qualified or interpreted the decision in Abraham *a.* Plestoro, so that the decision in that case must be deemed no longer to interfere with the principle, that assignments under foreign bankrupt laws may operate to transfer the bankrupt's effects within this State, and debts owing to the bankrupt from debtors residing in this State, as between the foreign bankrupt assignee and the bankrupt, and as between such assignee and debtors residing in this State; but the decision in Hoyt *a.* Thompson qualifies (if it qualifies at all) the decision in Abraham *a.* Plestoro no further; and the latter case, and other cases cited, clearly establish the principle, that the courts of this State will not recognize a claim or title, under foreign statutory bankrupt proceedings, to property in this State, or to debts owing by debtors residing in this State, as against a domestic attaching-creditor.

This latter principle has been recently fully recognized by the Court of Appeals of this State, in the case of Samuel Willetts, president, &c. *a.* Morrison R. Waite and Samuel M. Young, receivers of the Commercial Bank of Toledo, and others (affirming S. C., 13 *How. Pr.*, 34), not yet reported.

Now, I think, the position of Mr. Abbot, the plaintiff in the case of Gorham D. Abbot *a.* American Hard Rubber Company and others, with reference, or in relation to the notes of Poppenhusen and others, covered by the injunction in that case, is at least as favorable as if he were an attaching creditor; and I think, therefore, the cases before cited will not permit me to recognize the title or claim of the petitioner, Mr. Bristol, as trustee under the Connecticut bankrupt proceedings, to the said notes, or the debts represented by them, so far as to make any order on his petition, adverse to Mr. Abbot, relative to such notes or debts.

It may appear discourteous, and perhaps technical, to deny the motion of Mr. Bristol, the trustee, on this ground, but I feel constrained to do so, by the authority of the cases before cited.

It does not follow from what has been said, nor do I intend

to say, that the American Hard Rubber Company (of Connecticut), in the suit of Mr. Abbot, may not move that the injunction in the suit be modified or dissolved as to the notes, or otherwise, on the ground that the decree in the suit entered on the stipulation of the attorneys has ended the controversy, or upon any other ground.

I do not pass upon the question, what should be deemed the effect of that decree, or of entering it upon the injunction.

I deny Mr. Bristol's motion for the reason before stated, on the ground that I cannot recognize his right to make it as trustee, under the Connecticut bankrupt proceedings; but it is denied, without costs.